IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-02219-LTB-CBS

ELVIS BAKER and DORIS BAKER,

       Plaintiffs,

v.

DAVID THOMSON and GREYHOUND LINES, INC.,

       Defendants.

_____

ORDER
_____

This matter is before me on Defendant Greyhound Lines, Inc.'s Partial Motion to Dismiss **[Doc #3]**. Greyhound Lines, Inc. ("Greyhound"), moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiffs Elvis and Doris Bakers' (the "Bakers"), claim that it negligently hired, trained, supervised, and/or retained Defendant Thomson. (To avoid confusion, I note parenthetically that Greyhound erroneously stated in its motion's opening paragraph that it was moving pursuant to Rule 12(b)(5), but the argument makes clear it is Rule 12(b)(6).) For the reasons stated below, I GRANT Greyhound's motion.

**I. Background**

This suit stems from a June 18, 2010, automobile accident in which Thomson, while driving a commercial bus for Greyhound, struck the Bakers from behind in Otero County, Colorado. The Bakers' car was forced from the road and rolled, injuring them. The Bakers filed suit in state court, alleging four claims for relief: (1) negligence by Thomson; (2) negligence *per se* by Thomson; (3)

*respondeat superior* against Greyhound for Thomson's negligence; and (4) negligent hiring, training, supervision, and/or retention by Greyhound (the "Fourth Claim"). Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly,* 550 U.S. at 556). "Plausibility" in this context to "refer[s] to the scope of allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations omitted). As a corollary, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombley*, 550 U.S. at 555. When deciding a motion to dismiss under Rule12(b)(6), the court must assume the truth of all well-pleaded facts in the complaint and draw all reasonable inferences therefrom in the light most favorable to the plaintiff. *Teigen v. Renfrow*, 511 F.3d 1072, 1078 (10th Cir. 2007). Legal conclusions, however, do not receive this treatment. *Iqbal*, 129 S.Ct. at 1950.

### III. Discussion

Greyhound contends that the Fourth Claim should be dismissed. It leaves the Bakers' other claims untouched. The complaint alleges the following in support of the Fourth Claim:

> Greyhound Lines, Inc. ha[s] a duty to the public at large including Plaintiffs to ensure that operators of all their vehicles and trucks are properly trained and adequately qualified to operate . . . Greyhound Lines, Inc.'s vehicles in a safe manner. . . . Greyhound Lines, Inc. w[as] negligent in the hiring, training, supervision and/or retention of Defendant Thomson.

Pls.' Compl. ¶¶ 19, 20. Greyhound firstly argues that the Fourth Claim should be dismissed under Rule 12(b)(6) for insufficient factual support. It secondly argues that even if the complaint contains enough factual allegations for the claim to withstand dismissal per Rule 12(b)(6), the claim should still be dismissed as duplicative of the *respondeat superior* claim. For the reasons explained below, I agree with Greyhound's first argument. I thus need not and do not address its second.

It is true that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Iqbal*, 129 S.Ct. at 1949 (citing Fed. R. Civ. P. 8(a)(2)). It is equally true that this pleading standard does not require "detailed factual allegations." *See id.* A plaintiff must, however, proffer more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* But the Bakers do no more than that for their Fourth Claim. Indeed, they simply allege that Greyhound was "negligent in the hiring, training, supervision and/or retention of Defendant Thomson" without providing any factual support. This exemplifies the kind of "naked assertion devoid of further factual enhancement" that a court cannot countenance. *Id.* (internal quotations omitted). The complaint is bereft of any factual allegations that specifically support the Fourth Claim. And without that factual matter, the claim cannot be plausible and therefore cannot withstand a motion to dismiss. *See, e.g.*, *id.* ("[A] complaint must contain sufficient *factual matter*,

accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads *factual content* that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged) (emphasis added and internal quotations and citation omitted).

The Bakers counter that they "are not required to provide specific examples or state in specific detail their exact theory of" their Fourth Claim. This assertion is at once true and misleading. It is true that the Bakers need not meet this standard. *Id.* It is misleading, however, because in asserting it the Bakers imply that they have provided some level of factual support–presumably a sufficient one. As previously stated, this is not the case. The Fourth Claim is devoid of factual support, resting instead on "mere conclusory statements." *Id.* At its best, then, the Fourth Claim is a "sheer possibility that [Greyhound] has acted unlawfully." *Id.* As such, it cannot withstand dismissal. *Id.*

Because Greyhound's first argument disposes of the motion, I decline to address its second contention.

## IV. Conclusion

For the reasons set forth above, IT IS ORDERED that Defendant Greyhound Lines, Inc.'s Partial Motion to Dismiss **[Doc #3]** is GRANTED.


Date: November   2   , 2011 in Denver, Colorado.

                                          BY THE COURT:

                                            s/Lewis T. Babcock
                                          LEWIS T. BABCOCK, JUDGE