IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  11-cv-02219-LTB-CBS

ELVIS BAKER and DORIS BAKER, deceased,

       Plaintiffs,

v.

DAVID THOMSON and GREYHOUND LINES, INC.,

       Defendants.

_____

ORDER
_____

       This matter is before me on Plaintiff Elvis Baker's Motion for Leave to File an Amended Complaint **[Doc #25]**. For the reasons stated herein, I GRANT Plaintiff's motion.

### I. Background

       This suit stems from a June 18, 2010, automobile accident in which Defendant David Thomson, while driving a commercial bus for Defendant Greyhound Lines, Inc. (together, the "Defendants"), struck Plaintiff and his wife, Doris, from behind in Otero County, Colorado. Their car was forced from the road and rolled, injuring them. On July 15, 2011, Plaintiff and Doris filed suit in state court, alleging four claims for relief: (1) negligence by Thomson; (2) negligence *per se* by Thomson; (3) *respondeat superior* against Greyhound for Thomson's negligence; and (4) negligent hiring, training, supervision, and/or retention by Greyhound. Defendants removed the matter to this Court pursuant to 28 U.S.C. §§ 1332 and 1441.

## II. Law

Plaintiff moves pursuant to Rule 15(a)(2). It provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely grant leave when justice so requires." *See* Fed. R. Civ. P. 15(a)(2); *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009). The rule's purpose "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). Therefore, "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993); *accord Foman v. Davis*, 371 U.S. 178, 182 (1962).

Whether to grant leave to amend the pleadings pursuant to Rule 15(a)(2) is within the trial court's discretion. *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)). Consequently, its decision will not be reversed "absent an abuse of discretion," which is when the decision was "arbitrary, capricious, whimsical, or manifestly unreasonable." *Bylin*, 568 F.3d at 1229.

## III. Discussion

With this motion, Plaintiff seeks leave to amend the original complaint to add a wrongful death claim for the death of his wife and co-plaintiff. Doris died on or around November 21, 2011. Plaintiff alleges that Doris's "life was cut short as a result of the injuries she sustained in [the June 18, 2010] accident." In support, he attaches a statement from Doris's primary care physician, Dr. Michael Martino, who opines that Doris "suffered an increase in pain, confusion and a decline in

her general health after [the] auto accident."

To begin, consonant with Rule 15(a)(2)'s language and purpose, my predilection is to grant the motion. *See* Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204. Under Rule 15(a)(2) and *Frank*, the inquiry thus turns to whether there has been a showing of "undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank*, 3 F.3d at 1365. Because Defendants' only challenges to the motion are on grounds of futility, unfair prejudice, and undue delay, I confine my analysis to those factors; I find that Defendants show none of them. Consequently, I grant Plaintiff's motion and accept his amended complaint tendered therewith.

Defendants first contend that the motion is futile because Plaintiff will not be able to prove a causal connection between the accident at issue and Doris's death. They argue that her litany of other health problems, the timing of her death, and the nature of her injuries from the accident, militate against a causal connection between the accident and her death. I need not plumb the depths of this argument: the question of causality is for the jury to decide.

I also do not see undue prejudice or delay. Defendants fail to provide any facts in support thereof. They simply assert that Plaintiff may "request[] extensions for the expert disclosure deadline, the discovery deadline and perhaps the trial date," which "will cause prejudice to [them] as witness recollections will deteriorate and expert expenses will increase." This is not persuasive.

Trial is still eleven months away (set for April 2013). As a result, Defendants have "adequate notice" of the claim and its factual allegations and will have "ample opportunity to respond." *See Bylin*, 568 F.3d at 1230; *see also Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there was no prejudice because the amendment was authorized several months prior

to trial). The amendment also arises out of the same subject matter as the other claims. *See Gillette v. Tansy*, 17 F.3d 308, 313 (10th Cir. 1994) (finding no evidence of prejudice when the "[p]etitioner's amended claims track the factual situations set forth in his [original] claims"); *c.f. Childers v. Indep. Sch. Dist. No. 1*, 676 F.2d 1338, 1343 (10th Cir. 1982) (ruling that the district court's refusal to allow an amendment was "particularly egregious in this case because the subject matter of the amendment was already alleged in the complaint").

Regarding timeliness, the motion is the product of an unfortunate event occurring after Plaintiff filed the original complaint. *See McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1130 (10th Cir. 1998) (where the court denied leave to amend because the "plaintiff was aware of all the information on which his proposed amendment was based prior to filing the original complaint"). Plaintiff filed this motion on April 2, 2012, approximately four months after Doris died, and roughly six weeks after Dr. Martino rendered his statement. Defendants fail to demonstrate how this timing constitutes undue delay–especially given the sensitive nature of the underlying circumstances.

Accordingly, for the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Leave to File an Amended Complaint **[Doc #25]** is GRANTED, and I accept his amended complaint tendered therewith **[Doc #26-1]**.

Date: May   11  , 2012 in Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock  
LEWIS T. BABCOCK, JUDGE